UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUBEN DEWAYNE**, *Bishop*, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, *et al.*, <br><br> Defendants. | Civil Action No. 22-cv-304 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Bishop Ruben DeWayne brings this action *pro se* against "The United States Acting in Concert with J.P. MORGAN ACQUISITION CORP., And MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC." Compl. at 1. Defendants have moved to dismiss. ECF Nos. 8, 16. For the reasons set forth below, the court will GRANT the motions.

**I.   BACKGROUND**

Plaintiff, who is domiciled in South Carolina, challenges financing charges and a mortgage foreclosure on property located in Massachusetts. Compl. at 3, 7—9. In 2012, Leitta Brooks, the mortgagor on the property, sued mortgage holder J.P. Morgan Chase Bank in the U.S. District Court for the District of Massachusetts, alleging improper calculation and disclosure of financing charges in violation of the Truth-in-Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA). Compl. ¶ 12; *Brooks v. JPMorgan Chase Bank, N.A.*, 12-cv-11634-FDS (D. Mass. July 17, 2013), ECF No. 37, Mem. Op. at 1. The court granted Defendant's motion to dismiss in 2013. *Id.* Brooks appealed, and the U.S. Court of Appeals for the First Circuit affirmed in July 2014. *Brooks v. JPMorgan Chase Bank, N.A.*,

No. 13-2041 (1st Cir. July 9, 2014).

Several weeks later, on July 22, 2014, Brooks filed another lawsuit against the same defendant raising the same claims, *Brooks v. JPMorgan Chase Bank, N.A.*, 14-cv-13068-FDS (D. Mass. July 22, 2014).  Upon motion, the court dismissed the action on res judicata/claim preclusion grounds, *id*. at ECF No. 16, and the First Circuit affirmed.  *Brooks v. JPMorgan Chase Bank*, No. 15-1055 (1st Cir. Sept. 8, 2015).

The following month, on October 14, 2015, Brooks transferred her interest in the property via quitclaim deed to Plaintiff in satisfaction of a debt.  Compl. ¶ 18; *DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 15-cv-14245-IT (D. Mass. Nov. 10, 2016), ECF No. 64, Mem. Op. at 2.

Shortly thereafter, on December 30, 2015, Plaintiff filed a declaratory judgment action in Massachusetts federal court against several defendants, including the same private defendants named in this case: Mortgage Electronic Registration Systems, Inc. (MERS) and J.P. Morgan Mortgage Acquisition Corporation.  *DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 15-cv-14245-IT (D. Mass. Dec. 30, 2015).  He challenged the interest calculations on the loan and assignment of the loan by MERS from the original mortgage holder to J.P. Morgan.  *Id*., ECF No. 1, Compl. at 7—11.  Plaintiff also alleged fraud, as well as breach of fiduciary duty, and sought a declaration regarding his rights in the property.  *Id*. at 8, 11—12, 17.

The Massachusetts court dismissed the action because non-lawyers may not sue on other individuals' behalf.  *DeWayne*, 15-cv-14245-IT, ECF No. 64, Mem. Op. at 3 (citing 28 U.S.C. § 1654) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases

therein.")). The court also noted that Plaintiff's factual allegations mirrored those proffered by Brooks in the earlier litigation and were therefore barred by res judicata/claim preclusion principles. *Id.* at 3—4. It found that to the extent Plaintiff sought to pursue claims on his own behalf, he had not proffered facts to support his fraud and breach of fiduciary duty claim, nor his claim against MERS. *Id.* at 3—5.

Almost immediately, Plaintiff filed a second declaratory judgment action in Massachusetts state court, this time against MERS, J.P. Morgan Chase Bank, and J.P. Morgan Mortgage Acquisition Corp. *See DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 17-cv-10139-IT (D. Mass. July 12, 2017), ECF No. 1. Defendants removed the action to federal court, after which the court granted defendants' motion to dismiss, finding that Plaintiff's claims were precluded by the decision in his first declaratory judgment lawsuit. *Id.*, ECF No. 24, Mem. Op.

The following year, Plaintiff filed another lawsuit in Massachusetts state court against J.P Morgan Mortgage Acquisition Corp. and MERS, seeking to prevent a foreclosure, requesting a declaratory judgment, as well as damages for unfair and deceptive practices. *See DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 18-cv-10931-LTS (D. Mass. Apr. 5, 2019). Defendants removed the action to federal court once again and the court again granted Defendants' motions to dismiss on res judicata/claim preclusion grounds. *Id.*, ECF Nos. 53, 94.

In 2020, Plaintiff sought relief in this court, naming the same defendants as he names in the current lawsuit, alleging TILA, RESPA, and Racketeer Influenced and Corrupt Organizations Act (RICO) violations, improper transfer of the mortgage, as well as misrepresentation, slander, and unfair practices under Massachusetts state law. *DeWayne v.*

*United States*, No. 20-cv-515 (D.D.C. Feb. 19, 2020), ECF No. 1, Compl. at 3—4, 10, 16—18, 31—33. Plaintiff also challenged the prior decisions by the Massachusetts federal court. *See e.g., id.*, at 4—8, 23—25, 27—30. The case was assigned to another judge in this district.

That judge granted Defendants' motions to dismiss, first finding that the court lacked jurisdiction over the claims against the United States because Plaintiff failed to offer a basis for waiver of sovereign immunity, nor had Plaintiff provided any indication that he had complied with the jurisdictional notice requirements of the Federal Tort Claims Act (FTCA). *DeWayne v. United States*, 20-cv-515-APM, 2020 WL 5393858, at *1—2 (D.D.C. July 28, 2020). The court also found it lacked subject matter jurisdiction over the claims against the private Defendants because the complaint failed to present a "substantial federal question":

> Reading his Complaint generously, Plaintiff asserts a single cause of action under the civil RICO statute, but that claim is "wholly insubstantial and frivolous." *Id.* at 455–56 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). The alleged acts making up that RICO claim are either fabulous or involve the immune actions of federal judges. *See* Compl. ¶¶ 34–44. Moreover, even if Plaintiff manages to clear the "low" bar of substantiality, *see Shapiro*, 136 S. Ct. at 456, he has not plausibly pleaded a RICO claim. He identifies no valid predicate racketeering activity, *see* 18 U.S.C. § 1961(1); nor does he set forth any plausible pattern of such activity or a RICO enterprise, *see H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242–43 (1989). *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242–43 (1989). Absent a plausible RICO cause of action, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3).

2020 WL 5393858 at *2.

The court also found that venue was improper because none of the events giving rise to the claim occurred in the District of Columbia, nor is the property located here. *Id.* at *2—3. Accordingly, the court dismissed the action with prejudice and the D.C. Circuit subsequently affirmed. *DeWayne v. United States*, No. 20-5275, 2021 WL 672382 (D.C. Cir. Jan. 21, 2021).

Plaintiff also filed three unsuccessful lawsuits in South Carolina federal district and bankruptcy courts against J.P. Morgan Mortgage Acquisition Group and/or MERS, raising the same arguments. *See*

*DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 3:19-cv-3376-JMC-PJG (D.S.C. June 2, 2020), ECF Nos. 17, 25—26 (dismissing action with prejudice as frivolous and duplicative of the Massachusetts litigation), *aff'd DeWayne v. J.P. Morgan Acquisitions Corp.*, 829 F. App'x 633 (4th Cir. 2020); *DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 18-ap-80041-DD, 2018 WL 4056986 (Bankr. D. S.C. Aug 24, 2018) (dismissing adversary proceeding for lack of standing and on res judicata grounds); *DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, 19-ap-80104 -DD (Bank. D.S.C. Dec. 27, 2019), ECF No. 4 (dismissing action *sua sponte* because Plaintiff attempted to relitigate claims previously dismissed in the bankruptcy proceeding, as well as claims that were being litigated in South Carolina and Massachusetts federal district courts).

Undeterred, Plaintiff again challenges the prior Massachusetts judicial rulings and alleges the same mortgage related facts he previously asserted. Compl. at 1, 9—12, 20—24. He again brings a RICO claim, 18 U.S.C. §§ 241, 242, but adds claims pursuant to 42 U.S.C. § 1983, and the First and Seventh Amendments to the United States Constitution.

## II.   ANALYSIS

### A.   Claims Against the United States

As a Judge on this court has already held, Plaintiff's claims against the United States are not actionable because has offered no basis for waiver of sovereign immunity, nor has he alleged that he complied with the jurisdictional notice requirements to proceed under the FTCA. *DeWayne*, 2020 WL 5393858, at *1—2.

Even if Plaintiff had raised actionable claims regarding the Massachusetts litigation, "[a] party 'cannot use an independent action as a vehicle for the relitigation of issues.'" *Klayman v. Jud. Watch, Inc.*, No. 19-CV-2604 (TSC), 2021 WL 602900, at *6 (D.D.C. Feb. 16, 2021), *aff'd,* 851 F. App'x 222 (D.C. Cir. 2021) (quoting *In re Salas*, No. 18-00260, 2020 WL 6054783, at *22 (Bankr. D.D.C. Oct. 13,

2020)).  Nor do federal district courts have the "power to void other federal courts' orders through a collateral attack." *Klayman*, 2021 WL 602900, at *5 (quoting *McNeil v. Harvey*, No. CV 17-1720 (RC), 2018 WL 4623571, at *5 (D.D.C. Sept. 26, 2018), *motion for relief from judgment denied*, No. CV 17-1720 (RC), 2019 WL 1003582 (D.D.C. Feb. 28, 2019) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)).  Typically, "the proper procedure when a judgment has been improperly obtained is to take further steps in the court rendering the judgment or to use some form of appellate procedure." *Neisloss v. Bush*, 293 F.2d 873, 880 n.16 (D.C. Cir. 1961).

**B.      Claims Against All Parties**

"Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (cleaned up and citations omitted).  "The judgment bars any further claim based on the same nucleus of facts, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (*quoting Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977) (cleaned up)).

Plaintiff's claims here are barred on claim preclusion or *res judicata* grounds.  His allegations regarding the Massachusetts litigation involve the same nucleus of facts as in the prior D.C. federal case; and the allegations about the mortgage involve the same nucleus of facts as in that case, the Massachusetts cases, and the South Carolina cases.

Even if Plaintiff's claims were not precluded, under the general federal venue provision his claims are not actionable in this district because the property is located outside of the district and there is no indication that the incidents giving rise to the complaint occurred in this

district.  *See* 28 U.S.C. § 1391(b).  Likewise, venue for FTCA claims lies where Plaintiff lives or "wherein the act or omission complained of occurred."  *See Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 416–17 (D.D.C. 2020), *aff'd*, No. 20-5103, 2021 WL 2525679 (D.C. Cir. June 2, 2021) (citing *Smith v. United States*, 507 U.S. 197, 202 (1993)).

Moreover, many of Plaintiff's claims are based on circumstances that occurred before he allegedly became the title holder of the property and therefore he cannot pursue those claims.  "A litigant may proceed in federal court on behalf of himself or by properly admitted counsel, *see* 28 U.S.C. § 1654, but a layman cannot represent another person in a court proceeding."  *Stoller v. Ocwen Fin. Corp.*, 140 F. Supp. 3d 80, 81–82 (D.D.C. 2015) (citing *Georgiades v. Martin–Trigona,* 729 F.2d 831, 834 (D.C. Cir. 1984)).

Finally, Plaintiff did not respond to Defendants' arguments in their motions to dismiss.  *See* ECF No. 16, USA Mot. to Dismiss at 4—10; ECF No. 8, Private Defs. Mot. to Dismiss at 7—12.  Thus, even though he filed opposition briefs, ECF Nos. 18, 23, because he did not address Defendants' valid arguments, this court may treat those arguments as conceded.  *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 24—25 (D.D.C. 2003), *aff'd*, 98 Fed. App'x 8 (D.C. Cir. 2004) (citing *FDIC v. Bender*, 127 F.3d 58, 67—68 (D.C. Cir. 1997) (other citation omitted)); *see also* ECF Nos. 9, 17, Fox/Neal Orders.

### III.   CONCLUSION

For the reasons set forth above, the court will GRANT Defendants' motions to dismiss.

Date:  May 27, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge